[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on October 28, 1967 at Milford, Connecticut. There is one minor child issue of this marriage to wit: Jason Andrew Godbout born November 1, 1978.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
The parties have agreed to accept the recommendations of the Family Relations Counselor contained on page 15 of her report and filed with this court as Child's Exhibit A (except that any review should be in six months rather than three). Said recommendations are hereby made the orders of this court, which orders shall be reviewed by the Family Relations Division of this court six months from the date hereof if either party requests such review.
In addition, the court has taken into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:,
1. The plaintiff wife shall have the exclusive use and possession of the family home at 42 Costanzo Court, Hamden, Connecticut, until the happening of the first of the following events:
(a) she shall remarry;
(b) she shall no longer occupy the premises as her principal place of residence;
(c) she desires to sell the premises;
(d) the minor child ceases to occupy the premises as his principal place of residence;
(e) June 1, 1992.
Upon the happening of the first of the foregoing events, the premises shall be placed on the market for sale. The parties CT Page 5414 shall fully cooperate with each other to effect such sale. If they are unable to agree on any aspect of such sale they may return to this court and this court will enter appropriate orders. When the premises are sold, the net proceeds of sale, which shall be the gross proceeds of sale less the balance due on the existing first mortgage, the equity loan, broker's commission, if any, and the customary and usual expenses of sale shall be divided 60% to the plaintiff wife and 40% to the defendant husband. If there should be any encumbrances placed on the premises after the date hereof, the same shall be paid out of the share of the party incurring the same.
Until the sale of said premises, the plaintiff wife shall be responsible for the payment of the existing first mortgage, interest on the equity loan, real estate taxes, home owners insurance and all ordinary repairs and maintenance, which shall be any item of repair or maintenance, the total cost of which shall not exceed $200.00. Any other item of repair and maintenance, the total cost of which exceeds $200.00, shall be paid as follows: the first $200.00 shall be paid by the plaintiff wife and the balance shall be paid 60% by the plaintiff wife and 40% by the defendant husband. Except in the case of an emergency, no such repair or maintenance expenses for which the defendant husband shall be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld.
2. The two lots in Punta Gorda, Florida, shall immediately be placed on the market for sale. The parties shall fully cooperate with each other to accomplish the sale of these lots. If they are unable to agree on any aspect of the sale, they may return to this court and this court will enter the appropriate orders.
Until the sale of these lots the parties shall be equally responsible for the payment of all real estate taxes due thereon.
Upon the sale of these lots the net proceeds shall be distributed as follows:
(a) If the premises referred to in paragraph 1 hereof have not been sold the entire net proceeds shall be applied to the balance due on the home equity loan.
(b) If the premises referred to in paragraph 1 hereof have been sold and the home equity loan has been paid off, then the plaintiff wife shall receive 60% and the defendant husband shall receive 40%.
3. When the plaintiff wife vacates the premises referred to in paragraph 1 hereof, all of the contents of said premise.- shall CT Page 5415 be her sole and exclusive property except the following which shall be the sole and exclusive property of the defendant husband:
(a) The furniture presently in the family room.
(b) The kitchen table and chairs.
In addition, the defendant husband shall immediately be entitled to remove his tools, his clothing and all his personal effects and belongings. Should the defendant husband desire any family photographs he may take them if the plaintiff wife agrees or if she doesn't agree then he may have copies made at his own cost and expense.
4. The defendant husband shall pay to the plaintiff wife the sum of $175.00 per week for the support of the minor child until such child reaches the age of majority, or is sooner emancipated. This order shall be subject to an immediate wage withholding.
5. The defendant husband shall name the minor child as the beneficiary of all of the life insurance shown on his financial affidavit filed with this court on June 13, 1991 until such child reaches the age of majority or is sooner emancipated.
6. The defendant husband shall continue to maintain, the medical insurance available to him through his employment for the benefit of the minor child. In addition, all uninsured medical and dental expenses incurred on behalf of said minor child shall be paid equally by the plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expense for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
7. The defendant husband shall pay the sum of $75.00 per week as alimony to the plaintiff wife until his death, the death or remarriage of the plaintiff, or June 1, 1997, whichever event shall first occur. This order shall be subject to an immediate wage withholding.
8. The defendant husband shall, at the option of the plaintiff wife, continue to maintain his presently existing health insurance available to him through employment, for the benefit of the plaintiff wife, for so long as he is permitted to do so under the terms of the underlying policies, and/or pursuant to any state or federal law; provided, however, that any additional premium occasioned thereby shall be paid by the plaintiff wife.
9. Neither party shall borrow any further funds on the home CT Page 5416 equity loan. The sum of $2340.00 which the defendant husband has in his possession from said equity loan shall forthwith be divided equally between the parties.
10. The IRS refund in the amount of $1162.00 shall forthwith be divided equally between the parties.
11. Any moneys borrowed from and owed to the plaintiff wife's parents that were used to purchase an automobile for the defendant husband shall be the defendant husband's sole obligation and he shall indemnify and hold the plaintiff wife harmless therefrom.
12. All sums owed as of this date to Yale New Haven Hospital Pediatric Psychiatric Clinic shall be paid equally by the parties on such terms as they are able to negotiate with such clinic.
13. The balance of the fee owed to Attorney Bernard Christianson shall be paid by the parties within 60 days of the date hereof as follows:
(a) The sum of $613.75 by the plaintiff wife, and
(b) the sum of $1488.75 by the defendant husband.
14. All of the right, title and interest of the defendant husband in and to the 1989 Honda Accord is hereby assigned to the plaintiff wife. The defendant husband shall forthwith execute any and all documents necessary to effect this transfer.
15. The 1990 Acura shall remain the sole and exclusive property of the defendant husband and he shall indemnify and hold the plaintiff harmless from any sums due thereon.
16. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on June 13, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
17. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on June 13, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
18. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE CT Page 5417